UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
OSCAR GARCIA,
                  Plaintiff,

v.

JIELAN PAN LU, 158 WILLOW ST LLC, 74
OAK ST LLC, XIAOCUN LU, also known as
George Lu, and 897 NEPPERHAN
PROPERTY LLC,
                  Defendants.
--------------------------------------------------------------x

**ORDER**

21 CV 8221 (VB)

      On August 31, 2022, plaintiff Oscar Garcia in this Fair Labor Standards Act ("FLSA") case filed a settlement agreement (Doc. #35-1) and a statement explaining the basis for the agreement as required by Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

      On September 1, 2022, the Court directed the parties to either file a revised settlement agreement or to explain why the general release provision in Section 3 is fair and reasonable to plaintiff.

      On September 12, 2022, the parties filed a joint letter explaining that a general, mutual release here is appropriate because plaintiff has not worked for defendants since April 2020, and the mutuality of the release protects plaintiff from any hypothetical retaliatory litigation. See, e.g., Plizga v. Little Poland Rest. Inc., 2016 WL 9307474, at *6 (S.D.N.Y. July 18, 2016). Moreover, the release does not preclude plaintiff from participating in a charge with any government agency arising under discrimination laws, nor does plaintiff waive any rights he may have under any employee benefit plan.

      In reviewing the settlement agreement as a whole, including the general, mutual release in Section 3, the Court has considered the following additional factors:

      (i)     plaintiff's position that the settlement amount, although less than what he would be entitled to if he prevailed on all his claims at trial, is a fair and adequate result;

      (ii)    the existence of a bona fide dispute regarding the number of hours plaintiff worked;

      (iii)   the risks and costs of continuing to litigate; and

      (iv)   plaintiff is represented by counsel experienced in FLSA and employment matters.

      Based on the foregoing, the Court finds the settlement agreement in the form filed August 31, 2022, is fair and reasonable, and the product of arm's-length negotiation, not fraud or collusion.

Additionally, the Court finds the attorneys' fees, which are one-third of plaintiff's net recovery, in addition to reimbursement of costs, to be fair and reasonable under the circumstances.

## CONCLUSION

Accordingly, the parties' settlement agreement (Doc. #35-1) is APPROVED.

The Clerk is instructed to close this case.

Dated: September 13, 2022
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge